JOSEPH E. FLOREN, State Bar. No. 168292
SHEILA A. JAMBEKAR, State Bar. No. 239101
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
e-mail: jfloren@morganlewis.com,
sjambekar@morganlewis.com

Attorneys for Plaintiffs
GOLDMAN, SACHS & CO. and
GOLDMAN SACHS EXECUTION & CLEARING, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDMAN, SACHS & CO. and GOLDMAN SACHS EXECUTION & CLEARING, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHONY J. BECKER and CECELIA L. FÁBOS-BECKER, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs allege as follows as and for their complaint against Defendants:

**INTRODUCTION**

1. Defendants filed a claim in arbitration against Plaintiffs and seek to force Plaintiffs to arbitrate the dispute between the parties, even though there is no arbitration agreement between the parties or other relationship giving rise to an arbitration requirement. This Court's intervention, in the form of preliminary and permanent injunctive and declaratory relief, is necessary to prevent Plaintiffs from incurring irreparable harm through being forced to defend an arbitration of claims that they never agreed to arbitrate.

## PARTIES

2. Plaintiff Goldman, Sachs & Co. ("GS&Co.") is a limited partnership organized under the laws of the State of New York, with its principal place of business in New York City. GS&Co. is a subsidiary of The Goldman Sachs Group, Inc. ("GS Group"), a Delaware corporation with its principal place of business in New York City. GS&Co. is registered as a securities-broker dealer with the U.S. Securities and Exchange Commission ("SEC") and is a member of the New York Stock Exchange ("NYSE") and the National Association of Securities Dealers, Inc. ("NASD").

3. Plaintiff Goldman Sachs Execution & Clearing, L.P. ("GSEC") is a limited partnership organized under the laws of the State of New York, with its principal place of business in New Jersey. GSEC is also a subsidiary of GS Group. GSEC is registered as a securities-broker dealer with the SEC and is a member of the NYSE and NASD.

4. On information and belief, Defendant Anthony J. Becker is an individual residing in San Jose, California, and the husband of Defendant Cecelia L. Fábos-Becker.

5. On information and belief, Defendant Cecelia L. Fábos-Becker is an individual residing in San Jose, California, and is the wife of Defendant Anthony J. Becker.

## JURISDICTION AND VENUE

6. This is an action for declaratory relief and to obtain a preliminary and permanent injunction concerning an arbitration pending in San Francisco, California. Jurisdiction is proper under 42 U.S.C. § 1332 in that (a) there is complete diversity of citizenship with respect to all plaintiffs and all defendants; and (b) the amount in controversy exceeds $75,000, given that this action involves arbitration claims in which Defendants assert $150,000 in damages against Plaintiffs.

7. Venue is proper in this district because the Defendants reside in this district and the underlying arbitration is proceeding in San Francisco, California.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2(e), this civil action is properly assigned to either the San Francisco or Oakland Division because the underlying arbitration is proceeding in San

1  Francisco County.

## FACTUAL BACKGROUND

9. In June 2006, Defendants filed a "Claim Statement" with NASD Dispute Resolution, Inc., thus initiating NASD Arbitration No. 06-02974 (the "Arbitration") against Plaintiffs and others. In their Claim Statement in the Arbitration, Defendants assert that they held securities investments with Prudential Securities Inc. ("Prudential"), which they name as a respondent in the Arbitration. Defendants contend that Prudential gave them bad investment advice and otherwise mishandled Defendants' investment accounts from 2000 to 2002, causing Defendants to suffer investment losses and damages in the amount of $357,827.00. Defendants assert claims on that subject against Prudential and its alleged affiliates and successors in interest, who are not parties to the instant action, and seek recovery from those parties of "approximately $500,000" in actual and punitive damages.

10. In addition to their claims against Prudential in the Arbitration, Defendants also assert purported claims against Plaintiffs, and others. As to Plaintiffs, Defendants allege:

(a) that Plaintiffs are derivatively liable to Defendants for Prudential's actions, as an alleged result of Plaintiffs' actions as an underwriter in the "initial public offering" of Prudential;

(b) that Plaintiffs injured Defendants through purported manipulation of the prices of stocks in which Defendants invested through their accounts with Prudential;

(c) that "Goldman Sachs" secretly acquired Defendants' home mortgage and, along with Defendants' mortgage servicing agent, prevented Defendants from exercising their alleged rights to seek mortgage relief assistance from the U.S. government; and

(d) that Plaintiffs are liable to Defendants as a result of supposed conflicts of interests between Plaintiffs' research, investment banking, and lending activities, purportedly causing Plaintiffs damages in various vaguely described ways.

11. Defendants seek recovery of $150,000 on their claims in the Arbitration against Plaintiffs.

12. Plaintiffs are securities broker-dealers. Plaintiff GS&Co. offers wealth management, securities trading, investment banking, and related financial services to its customers. Plaintiff GSEC provides transaction execution, clearing, and prime brokerage services and holds accounts for institutional investors and other market participants.

13. Defendants are not, and have never been, customers of Plaintiffs. Nor have Defendants ever held any securities accounts with Plaintiffs.

14. Defendants do not allege that they were ever customers of, or held securities accounts with, Plaintiffs.

15. Plaintiffs do not own, and have never owned, the mortgage upon Defendants' residence.

16. A mortgage upon Defendants' residence was sold by the original lender, an unrelated third party, and was part of a portfolio of mortgages that was purchased by Goldman Sachs Mortgage Company, an affiliate of Plaintiffs. Plaintiffs have no ownership interest in Goldman Sachs Mortgage Company, which operates separately from Plaintiffs.

17. Plaintiffs have no contract or agreement with Defendants of any kind. There is no agreement between Plaintiffs and Defendants requiring Plaintiffs to arbitrate disputes with Defendants.

18. Despite the lack of any arbitration agreement or direct relationship between Defendants and Plaintiffs, Defendants initiated the Arbitration against Plaintiffs and are attempting to proceed with their claims against Plaintiffs in that forum.

19. In response to Defendants' Claim Statement in the Arbitration, Plaintiffs objected to jurisdiction in the NASD Arbitration on November 29, 2006 and advised Defendants and the arbitration administrator that Plaintiffs will not submit to arbitration of Plaintiffs' claims.

20. In response to Plaintiffs' objection to jurisdiction in the Arbitration, Defendants contended that Plaintiffs are subject to the arbitration agreement between Defendants and Prudential and are required to arbitrate under NASD Rules.

21. Notwithstanding Plaintiffs' objection to jurisdiction, the NASD arbitration administrator is continuing to proceed with the administration of Defendants purported claims against Plaintiffs in the Arbitration, has appointed arbitrators to hear the dispute, and has scheduled a preliminary hearing with the arbitrators for March 28, 2007.

22. Plaintiffs are not parties to any arbitration agreement between Defendants and Prudential, and such arbitration agreement is not enforceable as against Plaintiffs.

23. NASD Code of Arbitration Procedure Rule 10301, entitled "Required Submission," provides in relevant part:

> Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series *between a customer and a member and/or associated person arising in connection with the business of such member* or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer.

NASD Code Arb. Proc., Rule 10301(a) (emphasis added).

24. NASD Rules define "associated persons" as "natural persons," which Plaintiffs are not. NASD By-Laws Art. I, § (cc).

25. The Federal Arbitration Act, 9 U.S.C. § 1, et seq., governs the enforcement of the arbitration agreement contained within the NASD Code of Arbitration Procedure.

## CLAIM FOR RELIEF

### (Declaratory and Injunctive Relief)

26. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs.

27. An actual controversy has now arisen between Plaintiffs and Defendants relating to the arbitrability of Defendants' claims in the Arbitration. Defendants contend that Plaintiffs are required to participate in the Arbitration and to assert their defenses in that forum to the purported claims asserted by Defendants. Plaintiffs believe that they have no arbitration

agreement with Defendants and are not required to arbitrate Defendants' purported claims or to participate in the pending Arbitration. Plaintiffs seek a declaration of the parties' respective rights and obligations regarding this dispute.

28. A declaratory judgment is necessary in that the Defendants have filed the Arbitration against Plaintiffs based on the contention that Plaintiffs are subject to the arbitration agreement between Prudential and Defendants and are otherwise required to arbitrate with Defendants. Plaintiffs dispute these contentions.

29. In addition to declaratory relief, Plaintiffs seek a preliminary injunction enjoining and restraining Defendants, their agents, servants, employees, attorneys, and all those acting in concert or active participation with them, from pursuing any claims against Plaintiffs in the Arbitration. Immediate and irreparable harm will result if relief is not granted, in that Plaintiffs will be forced to participate in the Arbitration in order to preserve their rights even though they never agreed to arbitrate with Defendants, and Plaintiffs have no adequate legal remedies.

WHEREFORE, Plaintiffs, jointly and severally, demand that the court adjudge:

(1) That the Court declare that the respective rights and duties of Plaintiffs and Defendants with respect to whether Plaintiffs must submit to arbitration of Defendants' purported claims.

(2) That Defendants be preliminarily and permanently restrained and enjoined from pursuing their purported claims against Plaintiffs in the NASD Arbitration.

(3) That Plaintiffs be awarded their costs and expenses incurred herein.

(4) For other and further relief as the Court deems just and proper.

Dated: March 20, 2007

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Joseph E. Floren
Joseph E. Floren
Sheila A. Jambekar
Attorneys for Plaintiffs
GOLDMAN, SACHS & CO. AND
GOLDMAN SACHS EXECUTION &
CLEARING, L.P.

...

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126. On March 20, 2007, I served the within document:

**CIVIL COVER SHEET**

**SUMMONS**

**COMPLAINT**

| | |
|---|---|
| ☐ | by transmitting via **facsimile** the document(s) listed above to the fax number(s) set forth below on this date. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. |
| ☐ | by transmitting via **e-mail** the document(s) listed above to the addressee(s) noted below on this date. |
| ☐ | by placing the document(s) listed above in a sealed **Federal Express** envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a **Federal Express** agent for delivery. |
| ☒ | I caused the envelope(s) with the document(s) listed above to be delivered by hand to the addressee(s) noted below |

**Method of Service**

Anthony J. Becker
and Cecelia L. Fabos-Becker                Via Hand Delivery
3273 B Rocky Water Lane¶
San Jose, CA 95148-4227

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on March 20, 2007, at San Francisco, California.

*[signature: Laura Walker]*
Laura Walker